## SIMPKINS v. McDERMOTT.
### No. 6367.

United States Court of Appeals for the District of Columbia.

Argued April 2, 1935.

Decided Sept. 30, 1935.

Raymond M. Hudson and Minor Hudson, both of Washington, D. C., for appellant.

V. O. Hill, of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB, HITZ, and GRONER, Associate Justices.

PER CURIAM.

This is an appeal from a decree of the Supreme Court of the District of Columbia sustaining a verdict annulling the will of Hugh McDermott, deceased.

McDermott was married in 1901 and died November 8, 1933. He left surviving him a widow and five children, all of the latter of age except a son, who attained his majority a few months after his father's death. Deceased was a retired policeman, and prior to his death was in receipt of a pension of $158.50 a month. In 1927 he separated from his wife, and under a separation agreement contracted to pay her $75 a month. This payment he continued to make until shortly before his death. From the time of the separation to the time of his death he lived in the home of appellant and associated with her to the complete exclusion of his family, except one daughter. In 1932 he went to Reno, Nev., for the purpose of getting a divorce, the funds for the trip being supplied by the daughter, as a loan, with knowledge of the purpose. While at Reno he was taken ill and returned to Washington without accomplishing his original purpose. On his return he was met at the train by appellant, who took him to her apartment, where he was put to bed and a doctor called.

On November 22, 1932, appellant, at the request of deceased, telephoned for Mr. Marshall, a Washington lawyer who had previously attended to deceased's legal business. Marshall came to the apartment, and deceased requested him to prepare his will and gave him the necessary details. His property consisted of a residence in Washington on which there was a mortgage. The equity was worth in the neighborhood of $5,000. Apparently there was no personal property of any value. Marshall, being busy, had the will prepared by Raymond M. Hudson, another attorney, and on the 23d Marshall, in company with two witnesses, went to appellant's apartment. One of the witnesses to the will testified as follows: "We went to an apartment house on R Street and were admitted by Mrs. Simpkins and Mr. Marshall went into the room where Mr. Hugh McDermott was in bed and in a moment or two Mr. Biscoe and I went in, but Mrs. Simpkins did not go in and I don't know where she went. Mr. McDermott had the will in his hands and read it and then signed it and declared that it was his last will and testament and asked me and Mr. Biscoe who were both present when he signed it to sign it as witnesses, and Mr. Biscoe and I each signed the will in the presence of each other

and in Mr. McDermott's presence, and there was no one else there but Mr. Marshall."

The will devised to appellant the residence in Washington, subject to the dower rights of the wife of deceased, and also devised and bequeathed to appellant the residua_y estate. The will contained also the following provision: "During my lifetime I have given to each of my children all that I think is proper and all that I wish to give each of them and I have always provided abundantly each month for the support of my family; all of the children are now grown."

Suit was instituted by a son of the deceased to set aside the will, and at the trial the motion for a directed verdict sustaining the will was overruled and the single issue of undue influence was submitted to the jury.

We think this was error. The evidence discloses that deceased had some six years prior to his death separated from his wife, and during this period of time had lived in the home of appellant, who had taken care of him and nursed him in his illnesses and generally had been a companion to him, though the record does not disclose the details of their relationship. Nothing appears to show that appellant exercised any influence over deceased in the disposition of his property or that deceased was not himself perfectly capable of making such disposition as he desired. Nor are there, in any of the circumstances, inferences legitimately deducible which furnish any ground for the conclusion that undue influence was resorted to to accomplish an unjust end. In view of the complete failure of evidence in the respects mentioned, it was error to have submitted the question to the jury. See Gibson v. Collins, 55 App. D. C. 262, 4 F.(2d) 874, 878; Conley v. Nailor, 118 U. S. 127, 6 S. Ct. 1001, 30 L. Ed. 112; Beyer v. Le Fevre, 186 U. S. 114, 22 S. Ct. 765, 46 L. Ed. 1080. This makes it our duty to reverse and remand for a new trial.

Reversed.

HITZ, Associate Justice sat during the argument of this case, but died before the opinion was prepared.