## KRAESKI v. CLARKE.
### No. 7142.

United States Court of Appeals for the

District of Columbia.

Decided Dec. 5, 1938.

Rehearing Denied Feb. 4, 1939.

Arthur G. Lambert, Arthur R. Murphy, and George L. Hart, Jr., all of Washington, D. C., for appellant.

Bion B. Libby and Ernest F. Williams, both of Washington, D. C., for appellee.

Before GRONER, Chief Justice, and EDGERTON and VINSON, Associate Justices.

### PER CURIAM.

Appellant, a niece of John Clark, deceased, filed in the District Court a caveat to his will. The court submitted the question of testamentary capacity to the jury, which found that there was capacity; but the court directed a verdict for appellee on the questions of fraud and undue influence. The question is whether that direction was error.

The will left an estate of some $6,000 to appellant's brother, who is the appellee, and his wife. Appellant, appellee, and other nephews and nieces of the testator were his next of kin. He was an old man. He had lived with appellee and his wife for several years without paying board. He was fond of them. He also saw appellant, his niece, occasionally. When it seemed that the testator had not long to live, appellee asked a priest to advise him to ar-

range his affairs, and the priest did so. The testator then asked appellee's wife to get him a lawyer to draw his will. She called a lawyer whom she did not know, but who was recommended to her. He interviewed the testator alone. The testator told him he wanted to leave his property to appellee and his wife. The lawyer drew the will, and went over it with the testator the next day. Again they were alone. The will referred in general terms to other nephews and nieces, but made no gifts to them. The testator read it aloud, and expressed satisfaction with it. He proceeded to execute it, with the lawyer and an outsider, selected by the testator, as witnesses. There is no evidence that appellee and his wife, or anyone in their behalf, ever suggested to the testator what he should do with his property. Appellant had not seen the testator alone for some time before his death, but there is no evidence that she was prevented from doing so.

There is not the slightest evidence of undue influence. Cf. Simpkins v. McDermott, 65 App.D.C. 75, 79 F.2d 711. Neither is there evidence of fraud.

Affirmed.